UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STANLEY KUZMICKI,           )      3:17-cv-00341-MMD-WGC
                            )
    Plaintiff,              )      **REPORT & RECOMMENDATION**
                            )      **OF U.S. MAGISTRATE JUDGE**
    vs.                     )
                            )
DAVID NEIDERT, ESQ., *et al.*, )
                            )
    Defendants.             )
_____)

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit

disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v.*

*Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

In this action, Plaintiff sues David Neidert, Esq. (his public defender in a matter involving a temporary restraining order (TRO) apparently taken against him), Catherine J. Ross-Perry (Chief Investigator of Enforcement Branch of the Office of Fair Housing and Equal Opportunity (FHEO), San Francisco), Theresa Muley (Equal Opportunity Specialist of FHEO, San Francisco), Anne Quesada (Regional Director of FHEO, San Francisco), and Kenneth J. Carrol (Program Center Director of FHEO, San Francisco).

First, Plaintiff's action recites a series of events where Plaintiff's chief complaint is concerning his public defender, David Neidert, Esq., did not properly handle his defense in response to a TRO. (ECF No. 1-1 at 3-5.) Plaintiff's allegations do not give rise to any federal claim for relief, but instead sound in state law negligence.

Next, he states that he provided the FHEO employees with documentation and appears to allege that he requested assistance responding to an accusation of nuisance and harassment, but claims the facts were ignored. (ECF No. 1-1 at 6.) He asserts that the investigators were biased against him, but provides no facts to support this assertion. (*Id.* at 8, 9.)

/ / /

While it is difficult to decipher Plaintiff's allegations, as far as the court can discern, Plaintiff is upset with a determination made by FHEO and claims they did not properly weigh the facts. While the court can appreciate Plaintiff's frustration with an undesirable outcome, these allegations do not give rise to any federal claim for relief.

The court finds that amendment would be futile as it does not appear that the facts surrounding these events would give rise to a cognizable claim; therefore, it is recommended that the action be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1);

(2) Directing the Clerk to **FILE** the Complaint (ECF No. 1-1); and

(3) **DISMISSING** the Complaint **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 30, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

4